UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOANN EGLETES  　　　　　　　　JURY TRIAL DEMANDED

v.  　　　　　　　　　　　　　　CASE NO. 3:10 cv 641 (CSH)

LAW OFFICES HOWARD LEE SCHIFF, P.C.

### REPORT OF PARTIES' PLANNING MEETING

Date complaint filed:  April 26, 2010

Date complaint served:  April 28, 2010

Date of defendant's appearance**:**  May 20, 2010

Pursuant to Fed. R. Civ. P. 16(b), 26(f), and D. Conn. L. Civ. R. 16, the parties conferred May 25, 2010 and dates thereafter. The participants were:

　　　Joanne S. Faulkner for the plaintiff

　　　Jeanine M. Dumont for the defendant

**I.　　CERTIFICATION.**

　　　Undersigned certify they have addressed the nature and basis of the parties' claims and defenses and any possibility for achieving a prompt settlement or other resolution of the case. Counsel further certify that they have forwarded a copy of this report to their clients.

**II.　　JURISDICTION.**

A.　　Subject matter jurisdiction alleged:  15 U.S.C. §1692k.

B.　　Personal jurisdiction:  Jurisdiction is not contested.

**III.　　BRIEF DESCRIPTION OF CASE:**

　　　Plaintiff seeks  statutory damages up to $1,000 plus fees and costs pursuant  to  the  Fair Debt Collection Practices Act  ("FDCPA"),  15 U.S.C. §1692  et  seq.

STDOCS01 170883v.1

    A.  Claim of Plaintiff:  Defendant sought post judgment interest despite lack of authority from the state court to do so.

    B.  Defenses and Claims (Counterclaims, Third Party Claims, Cross Claims) of Defendant: Defendant contends that plaintiff's action is frivolous and Conn. Gen. Stat. §52-356d(e) expressly and clearly provides for the imposition of post judgment interest in this case. Moreover, this same issue has been referred for certification to the Connecticut Supreme Court by The Honorable Mark Kravitz with respect to *Ballou v. Law Offices Howard Lee Schiff,* Civil Action No. . 3:09 CV 00913 (MRK).  The Connecticut Supreme Court has not yet acted on the District Court's request for certification, but it is anticipated that certification will be granted by the Supreme Court.

    C.  Defenses and Claims of Third Party Defendant:  N/A

**IV.  STATEMENT OF UNDISPUTED FACTS:**

Undersigned certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute.  The parties state that the following material facts are undisputed:

1. Plaintiff is an individual who resides in Connecticut.

2. Plaintiff is a consumer within the meaning of the FDCPA.

3. Defendant is a law firm in the practice of consumer debt collection.

4. Defendant engaged in efforts to collect from plaintiff a personal credit account on behalf of Capital One Bank.

5. Judgment entered in favor of Capital One Bank for $1,987.82 plus $35 costs, in Capital One Bank v. Egletes, SCC-1451 ("the Small Claims case"), on November 10, 2006.

## V. CASE MANAGEMENT PLAN:

A.  Standing Order on Scheduling in Civil Cases.

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as set forth in parts E through H below.

B.  Scheduling Conference with the Court.

The parties disagree as to whether a pretrial conference with the Court should be held before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

C.  Early Settlement Conference.

1.  The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.  Settlement may be enhanced by the use of the following procedures:

2.  The parties do not request an early settlement conference.

3.  The parties prefer a settlement conference with a magistrate judge or a parajudicial officer.

4.  The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

**E.  JOINDER OF PARTIES AND AMENDMENT OF PLEADINGS.**

1.  Plaintiff should be allowed until July 1, 2010 to file motions to join additional parties and until July 1, 2010 to file motions to amend the pleadings.

2.  Defendant should be allowed until August 1, 2010 to file motions to join additional parties and to file a responsive pleading.

**F.     DISCOVERY.**

  1.     The parties anticipate that discovery will be needed on the following subjects: Principal issues of fact for discovery include the defendant's collection practices, policies and procedures and their application to plaintiff's alleged debt; defendants' receipt, investigation and processing of plaintiff's alleged account; communications in connection with the collection; issues raised by the pleadings.

  2.     All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4) will be begun by September 1, 2010, and completed (not propounded) by December 31, 2010.

  3.     Discovery will not be conducted in phases.

  4.     Discovery on [issues for early discovery] will be completed by:  N/A.

  5.     The parties anticipate that the plaintiff will require a total of 3 depositions of fact witnesses and that defendant will require a total of 3 depositions of fact witnesses.  The depositions will commence by September 1, 2010, and be completed by December 31, 2010.

  6.     The parties will not request permission to file more than 25 interrogatories.

  7.     Plaintiff will not call expert witnesses.

  8.     Defendant may call expert witnesses at trial. Defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by December 31,  2010. Depositions of any such experts will be completed by February 1, 2011.

  9.     A damage analysis will be provided by any party who has a claim or counterclaim for damages by June 1, 2010.

  10. Electronic Discovery

Undersigned have discussed the disclosure and preservation of electronically stored information relevant to this action. The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information:  Neither party will delete any electronically stored information that is known to be relevant to the action.

11. Undersigned have considered discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. Undersigned will abide by the local rules.

**G.  DISPOSITIVE MOTIONS.**

Dispositive motions will be filed by December 31, 2010.

**H.  JOINT TRIAL MEMORANDUM.**

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by the later of March 1, 2011 or 30 days after any final determination on a dispositive motion leaving issues for trial.

**VI.  TRIAL READINESS.**

The case will be ready for trial by March 1, 2011, or four weeks after the submission of the Joint Trial Memorandum.

As officers of the Court, undersigned counsels agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

THE PLAINTIFF

By:_____/s/ Joanne S. Faulkner_____          Date: June 29, 2010
Joanne S. Faulkner ct 04137
123 Avon Street
New Haven, CT 06511
(203) 772-0395

DEFENDANT, LAW OFFICES HOWARD LEE SCHIFF, P.C.


/S/ Jeanine M. Dumont
Jeanine M. Dumont ct 05021
Law Offices Howard Lee Schiff PC
510 Tolland Street
East Hartford, Connecticut 06108
Telephone (860) 528 9991
Fax (860) 528 7602