UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOANN EGLETES

v.                                                          CASE NO. 3:10 cv 641 (CSH)

LAW OFFICES HOWARD LEE SCHIFF, P.C.                         June 29, 2010

## **PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

Plaintiff alleges that defendant surreptitiously added illegal postjudgment interest to an underlying small claims judgment, despite long established Connecticut statutes and case law precluding postjudgment interest unless the rate is set by the court, up to a maximum of 10%, conditioned upon proof that the defendant wrongfully withheld the funds. Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692d, -e, or –f(1).[1] The defendant had no right to add postjudgment interest, because it had not applied for or been awarded interest, but did so despite the fact that when the clerk issued the wage execution pursuant to the authority of Conn. Gen. Stat. § 51-52(7), the reference to interest was affirmatively deleted. Surely, plaintiff has stated a claim for relief.

Defendant admits that the Complaint states a claim by citing <u>Ballou v. Law Offices Howard Lee Schiff, P.C.</u>, __ F.Supp.2d ___, ___, 2010 WL 2070266, 4 (D. Conn. May 21, 2010). Def. Mem. at 3. This case of a greater magnitude than <u>Ballou</u> in that here, defendant law office intentionally disregarded the terms of the execution issued by the clerk, took the

---

[1] Sec. 1692d provides: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

Sec. 1692e provides: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." Subsections (2), (4), (5), and (10) apply here.

law into its own hands, and self-adjudicated the addition of postjudgment interest.

<u>The Court May Not Consider Facts Outside the Record.</u>

Plaintiff's complaint relies on Connecticut statutes and case law. Defendant's Motion asks the Court to consider unrelated documents, including an obsolete Connecticut Judicial Department form, JD-CV-24, which it attached to its motion without revealing that the form has now been superseded.

Under <u>Roth v. Jennings</u>, 489 F.3d 499, 509 (2d Cir. 2007), the Court may not consider that document because it is not integral to plaintiff's claims. Even if the Court considers the old form, it may "only take notice of the existence of statements contained in the records, as distinguished from the truth of those statements." <u>Id.</u> <u>Jennings</u> ruled that the court erred in considering documents outside the complaint for two additional reasons applicable here. First, "In the present case, the gravamen of the complaint was simply that defendants were subject to strict liability for Jennings's profits." <u>Jennings,</u> 489 F.3d at 511. Likewise, the gravamen of an FDCPA complaint is "strict liability." <u>Bentley v. Great Lakes Collection Bureau, Inc.</u>, 6 F.3d 60, 63 (2d Cir. 1993). Second, <u>Jennings</u> made special note of the improper use of the present tense to conceal the actual situation. <u>Jennings,</u> 489 F.3d at 511. That is what defendant's memorandum at 6-7 does here, by referring to an obsolete form as though it had current viability.

> A motion to dismiss under Rule 12(b)(6) must be decided on "facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and [] matters of which judicial notice may be taken." *Leonard F. v. Israel Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (citation omitted); see also *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) ("In addition, even if not attached or incorporated by reference, a document upon which the

---

1692f(1) prohibits "(1) The collection of any amount (including any **interest,** fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." (Emphasis added.)

2

> complaint *solely* relies and which is *integral to the complaint* may be considered by the court in ruling on such a motion." (brackets, citation, and internal quotation marks omitted; emphasis in *Roth*)). In deciding a motion to dismiss, well-pleaded facts must be accepted as true and considered in the light most favorable to the Plaintiff. *Patane v. Clark*, 508 F.3d 106, 111 (2d Cir. 2007). The issue in deciding a motion to dismiss is "not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support the claims." *Villager Pond, Inc. v. Town of Darien,* 56 F.3d 375, 378 (2d Cir. 1995). The factual allegations made in the complaint "must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). This requires the complaint to contain "enough fact to raise a reasonable expectation that discovery will reveal evidence" of the plaintiff's claim. *Id*. at 556.

Collins v. S. New Eng. Tel. Co., 617 F. Supp. 2d 67, 70-71 (D. Conn. 2009).

Before discussing the substantive validity of her claim, Plaintiff addresses the cursory assertion (Def. Mem. at 23) that the plaintiff's allegations are insufficient under *Iqbal*. The Complaint is replete with facts that show defendant intentionally attempted to collect unlawful postjudgment interest – facts which are admitted for the purpose of its motion.

Summary of Argument

Connecticut courts unanimously agree, based on the plain language of Conn. Gen. Stat. §37-3a ("may"), that postjudgment interest is discretionary, not automatic, and may not be awarded unless there is a finding that the money had been wrongfully detained. Urich v. Fish, 112 Conn. App. 837, 843-844, 965 A.2d 567 (2009) and cases cited therein.

The rate of postjudgment interest is discretionary, up to a maximum of 10%. Sears, Roebuck & Co. v. Board of Tax Review, 241 Conn. 749, 765-766, 699 A.2d 81 (1997). A decision to deny or grant postjudgment interest is "primarily an equitable determination and a matter lying within the discretion of the trial court." O'Hara v. State, 218 Conn. 628, 643, 590 A.2d 948 (1991); Maluszewski v. Allstate Ins. Co., 34 Conn. App. 27, 38, 640

A.2d 129 (1994). "Common sense dictates that a party seeking the award of postjudgment interest must file a postjudgment motion because the award can be determined only after judgment has been rendered." Bower v. D'Onfro, 696 A.2d 1285, 1289 (Conn. App. 1997).

Defendant ignores the statutory post judgment scheme and the principles of statutory constructions, and hangs its hat on its misreading of an isolated subsection, § 52-356d(e): "Interest on a money judgment shall continue to accrue under any installment payment order on such portion of the judgment as remains unpaid." First, there has to be a money judgment. A money judgment is always a "lump sum" judgment. Second, "shall" is directory, not mandatory. State v. Doe, 149 Conn. 216, 228-229, 178 A.2d 271 (1962) ("[t]he word 'shall' when used by the legislature to a court is usually a grant of authority and means 'may,' and even if it be intended to be mandatory it must be subject to the necessary limitation that a proper case has been made out for the exercise of the power").

Third, "continue" means that something was already in existence (an award of post-judgment interest). "[C]ontinue' is employed in the sense of to keep up or maintain a particular condition, course, or series of actions without such intervention as will break the continuity." Town of Darien v. Webb, 115 Conn. 581, 586, 162 A 690 (Conn. 1932).

Moreover, this Court must construe the statutory language to be constitutional, if at all possible. Defendant's interpretation denies due process to individuals subject to an installment payment order. They would have no right to notice and hearing as to whether the money was wrongfully withheld and in what amount post-judgment interest accrues. All other judgment defendants have this right. Conversely, defendant's interpretation denies equal protection to judgment creditors who cannot or do not seek installment payment orders. Such judgment creditors must apply for a variable rate post-judgment

4

order, and prove that the money was wrongfully withheld before adding post-judgment interest.

Thus, Defendant's "self-adjudication" by awarding itself a discretionary remedy that may be awarded only by a court violated the FDCPA. See e.g. Picht v. John R. Hawkes, Ltd., 236 F.3d 446, 448-50 (8th Cir. 2001) (adding an amount to a debt that first "requires the exercise of judicial discretion" violates the FDCPA).

Plaintiff is not suggesting that defendant or its clients must forego postjudgment interest. Defendant merely must abide by the law and have a court adjudicate the rate of interest based on applicable legal and equitable standards. Where, as here, defendant has neglected to seek postjudgment interest, it should simply go back to the court and ask for it.  It is so simple to observe the formalities of the motion practice that one searches for a possible rationale not to do so. That rationale may well be the attractive, indeed exorbitant, maximum 10% rate that one can self-adjudicate: it creates a perverse incentive to delay enforcement of the judgment while taking advantage of the "investment." Doc. No. 10-1 at 6 (2003 comment that only "loan sharks" get that rate).

I. THE COMPLAINT STATES A CLAIM

    A.  The FDCPA applies

The undisputed facts that show that the FDCPA applies: (1) the plaintiff is the consumer who allegedly owes the debt or a person who has been the object of efforts to collect a consumer debt, and (2) the defendant is a "debt collector" as defined. See Parties' Planning Report, Doc. No. 12 at 2, in which the parties stipulated:

1.    Plaintiff is an individual who resides in Connecticut.
2.    Plaintiff is a consumer within the meaning of the FDCPA.
3.    Defendant is a law firm which regularly engages in the practice of consumer debt collection.

5

4.      Defendant engaged in efforts to collect from plaintiff a personal credit card account.

Thus, plaintiff need only show the third element to establish FDCPA liability: (3) the defendant has engaged in any act or omission in violation of the prohibitions or requirements of the law. McCorriston v. L.W.T., Inc., 536 F. Supp. 2d 1268, 1273 (M.D. Fla. 2008): Riveria v. MAB Collections, Inc., 682 F. Supp. 174, 175-76 (W.D.N.Y. 1988).

B. Defendant violated the FDCPA by collecting illegal postjudgment interest.

Numerous cases can be cited for the proposition that a creditor cannot "self-adjudicate" what it has not been awarded by a court, including Veach v. Sheeks, 316 F.3d 690, 692 (7th Cir. 2003) (misrepresenting amount of debt by demanding legal penalties that had not yet been awarded); Shula v. Lawent, 359 F.3d 489, 493 (7th Cir. 2004) (demanding costs not yet awarded); Goins v. JBC & Assocs., P.C., 2004 U.S. Dist. LEXIS 18413 (D. Conn. Sept. 3, 2004) (MRK) ("Since Ms. Goins cannot be held liable for statutory damages until there has been a judgment by a court . . . , Defendants had no basis for including in the debt owed by Ms. Goins a hypothetical maximum recovery in litigation"); Goins v. JBC & Assocs., P.C., 352 F. Supp. 2d 262, 269 (D. Conn. 2005) ("the letter claims an amount representing not only the actual debt owed, but the maximum obtainable statutory damages that could be awarded against plaintiff in a civil action. . . the final, worst-case scenario . . . "). Defendant improperly sought to collect postjudgment interest that had not been awarded by the court, and that it had not even requested.

II POSTJUDGMENT INTEREST IS DISCRETIONARY

Section 37-3a, enacted in 1972, plainly made interest optional, currently at a rate of "not more" than 10%. Judgment creditors have had to live with variable interest since then. The section's plain reading has been repeatedly confirmed by the courts.  O'Hara v. State,

6

218 Conn. 628, 643, 590 A.2d 948 (1991) (prejudgment interest awarded if money wrongfully withheld); Kovacs Constr. Corp. v. Water Pollution & Control Auth., 120 Conn. App. 646 (Conn. App. Ct. 2010) (prejudgment interest discretionary, not automatic). Postjudgment interest is not only in the equitable discretion of the court, but its entitlement is also a question of fact. TDS Painting & Restoration v. Copper Beech Farm, 73 Conn. App. 492, 511, 808 A.2d 726 (2002) ("Next, we must determine whether postjudgment interest is available to TDS Painting. Unfortunately, however, we cannot make that determination, as it is a factual question").

Case law is consistent that the rate of postjudgment interest is discretionary, up to a maximum of 10%. Sears, Roebuck & Co. v. Board of Tax Review, 241 Conn. 749, 765-766, 699 A.2d 81 (1997). A decision to deny or grant postjudgment interest is "primarily an equitable determination and a matter lying within the discretion of the trial court." O'Hara, 218 Conn. at 643; Maluszewski v. Allstate Ins. Co., 34 Conn. App. 27, 38, 640 A.2d 129 (1994). "Common sense dictates that a party seeking the award of postjudgment interest must file a postjudgment motion because the award can be determined only after judgment has been rendered." Bower v. D'Onfro, 696 A.2d 1285, 1289 (Conn. App. 1997).

Connecticut law is well established that an award of postjudgment interest is entirely discretionary with the court and not automatic:

> This court previously has determined that an award of postjudgment interest is authorized by § 37-3a. See *Aubin v. Miller*, 64 Conn. App. 781, 801, 781 A.2d 396 (2001); *Foley v. Huntington Co.*, 42 Conn. App. 712, 741, 682 A.2d 1026, *cert. denied*, 239 Conn. 931, 683 A.2d 397 (1996). This statute has been construed "to make the allowance of interest depend upon whether the detention of the money is or is not wrongful under the circumstances. . . . The allowance of interest as an element of damages is, thus, primarily an equitable determination and a matter lying within the discretion of the trial court. . . . **As an award of postjudgment interest is discretionary, the plaintiff's argument that he is entitled to**

7

> **postjudgment interest as a matter of law is premised on a misreading of statutory authority.**

Urich v. Fish, 112 Conn. App. 837, 843-844, 965 A.2d 567 (2009) (emphasis added). "Specifically, the plaintiff maintains that General Statutes § 52-350f provides for the automatic collection of postjudgment interest on money judgments; however, this argument is unsupported by the statutory language." Id. at 843.

In 2003, a bill was proposed to make sec. 37-3a post-judgment interest mandatory. Conn. Gen. Assembly S.B. 1002 (Judicial Committee). It was not enacted. In contrast, an award of interest is mandated (but not automatic) in a negligence action:

> Sec. 37-3b. Rate of interest recoverable in negligence actions. (a) For a cause of action arising on or after May 27, 1997, interest at the rate of ten per cent a year, and no more, shall be recovered and allowed in any action to recover damages for injury to the person, or to real or personal property, caused by negligence . . . .
>     (P.A. 81-315, S. 2; P.A. 97-58, S. 2, 5.)
>     History: P.A. 97-58 designated existing provisions as Subsec. (a) and amended said Subsec. to make the recovery of interest mandatory, rather than discretionary, for causes of action arising on or after May 27, 1997.

The essence of the allegations here is that despite knowledge of Connecticut standards for postjudgment interest, defendant law firm persists in its collection of postjudgment interest without meeting those standards. Defendant's actions in this case thus show that the wrongdoing was intentional. By persisting in its conduct even after Ballou and similar cases, the conduct became intentional misconduct. Edwards v. Niagara Credit Solutions, Inc., 584 F.3d 1350, 1353-54 (11th Cir. 2009); McCollough v. Johnson, Rodenberg & Lauinger, 610 F. Supp. 2d 1247, 1259 (D. Mont. 2009); Thompson v. D.A.N. Joint Venture III, L.P, 2007 WL 1625926, *2 (M.D. Ala.) (by failing to rectify the putative error once put on notice, "what may have begun as an unintentional act converted

8

into a willful act … "); accord, <u>Cacace v. Lucas</u>, 775 F. Supp. 502, 507(D. Conn. 1990) (practice continued after notice).

Thus, Defendant's "self-adjudication" by awarding itself a discretionary remedy that may be awarded only by a court violated the FDCPA. *See e.g.* <u>Picht v. John R. Hawkes, Ltd.</u>, 236 F.3d 446, 448-50 (8th Cir. 2001) (adding an amount to a debt that first "requires the exercise of judicial discretion" violates the FDCPA).

## III. <u>DEFENDANT'S APPEAL TO A SUPERSEDED FORM DOES NOT OVERCOME THE FACT THAT PLAINTIFF HAS STATED A CAUSE OF ACTION</u>

If the Court decides to consider matters outside the record, plaintiff notes that the Judicial Department's current form JD-CV-24 acknowledges the validity of plaintiff's position. The Connecticut Judicial Department's execution forms, including JC-CV-24, now include a checkbox to indicate whether the court has awarded interest, and at what rate. The forms include instructions only to add "postjudgment interest as ordered by the court, if applicable." No doubt, the prior forms were drafted based on the assumption that Connecticut lawyers were complying with the variable rate postjudgment interest statute and well developed case law. Because that understandable assumption was incorrect, the Judicial Department clarified the execution forms.

## IV. <u>DEFENDANT MISREADS THE STATUTE</u>

The longstanding case law cited above is clear that interest must be awarded at a rate set by the court after a factual hearing. Defendant takes a subsection of the comprehensive execution statute and reads it out of context. That subsection was in effect when the case law was decided, so the state court is presumed to have had knowledge of it.

Defendant's position is based on viewing an isolated statutory subsection, Conn. Gen. Stat. § 52-356d(e), without averting to the interrelated statutory scheme as a whole.[2] Section 52-356d is part of the **post**judgment remedies section of the Connecticut statutes, found in Chapter 906. Provisions in the postjudgment remedies chapter of the Connecticut General Statutes refer back to § 37-3(a) regarding interest. Thus, § 52-350f allows addition of interest to a judgment only "as provided by chapter 673" (of which § 37-3(a) is a part).

> **Sec. 52-350f. Enforcement of money judgment. Costs, fees and interest.** A money judgment may be enforced against any property of the judgment debtor unless the property is exempt from application to the satisfaction of the judgment under section 52-352a, 52-352b, 52-352d or 52-361a or any other provision of the general statutes or federal law. The **money judgment** may be enforced, by execution or by foreclosure of a real property lien, to the amount of the money judgment with (1) all statutory costs and fees as provided by the general statutes, (2) **interest as provided by chapter 673 on the money judgment and on the costs incurred in obtaining the judgment**, and (3) any attorney's fees allowed pursuant to section 52-400c.

(Emphasis added.) Section 52-350f, the general provision, is a condition precedent to § 52-356d(e), which provides: "Interest on a money judgment shall continue to accrue under any installment payment order on such portion of the judgment as remains unpaid." That provision does not undermine the general provision that only "interest as provided by chapter 673" may be enforced. Where no interest order has been sought or obtained, no interest can "continue" to accrue. There is no interest to "continue" in the dictionary sense, since none had begun. There is no basis to "accrue" (accumulate or be added periodically) interest upon a non-existent order. Section 52-350f, the controlling or foundational provision, governs the application of §52-356d(e). The latter section builds on the former,

---

[2] Conn. Gen. Stat. Sec. 1-2z. "Plain meaning rule**.** The meaning of a statute shall, in the first instance, be ascertained from the text of the statute itself and its relationship to other statutes." '"The construction of a statute depends upon its expressed intent when it is taken as a whole. (citations omitted)'" <u>Gelinas v. Town of W. Hartford</u>, 65 Conn. App. 265, 275, 782 A.2d 679 (2001)

is subordinate to it in the statutory scheme, and creates no exception from the well established case law.

Defendant's proposed interpretation would do violence to the statutory scheme by amending § 52-356d(e) to read as follows:  "NOTWITHSTANDING CHAPTER 663 AND CHAPTER 906 SECTION 52-350f, Interest on a money judgment shall continue to accrue under any installment payment order AT THE MAXIMUM STATUTORY RATE on such portion of the judgment as remains unpaid." The Court may not so amend the statute. In the statutory scheme as written, postjudgment interest is discretionary, and continues to accrue only at the rate, if any, ordered by the court.

Looking at the particular subsection in isolation from its context, it provides that interest on a money judgment that has entered "shall continue."  Because "shall" is a word that can be mandatory or directory, that word of itself is not indicative of the meaning of the statute. "Continue" is the operative word.

"'Continues' and 'exists' clearly refer to violations that are, in a word, 'ongoing.' Those words are intended to apply to those violations that are in being and serve to demonstrate that they were intended to follow and include those violations that already have been "committed." Gelinas, 65 Conn. App. at 275. "[C]ontinue' is employed in the sense of to keep up or maintain a particular condition, course, or series of actions without such intervention as will break the continuity." Town of Darien v. Webb, 115 Conn. 581, 586, 162 Atl. 690 (Conn. 1932).

The word "continue" means an ongoing situation. Interest cannot "continue" unless it first has been awarded.

> Webster's New Modern Dictionary defines " continue" as " to carry on without interruption; persist in; to remain; abide; endure; persevere." Webster's International

11

> Dictionary Second Edition, defines it as " to be permanent or durable; to endure; to last." In Words And Phrases, Permanent Edition, Vol. 9 at page 163, the phrase " to continue", " means to keep on."

Troy v. American Fidelity Co., 143 A.2d 469 (Vt. 1958). See also Pontiac Realty Co. v. Transit Cas. Co., 260 S.W.2d 329, 333 (Mo. Ct. App. 1953) (continue means to "preserve unchanged" a right); Aberle v. Faribault Fire Dep't Relief Asso., 41 N.W.2d 813, 817 (Minn. 1950) ("The obvious meaning of the word 'continue' under the circumstances is 'to remain unchanged'"); Grand Lodge. v. Massachusetts Bonding & Ins. Co., 25 S.W.2d 783, 789 (Mo. 1930) ("The words "continue in force" as used in the continuation certificate clearly indicate that it was the intention of the parties to extend the duration or term of the original bond and not to make a new contract").

A compendium of the meaning of "continue" is found in Reno Club v. Young Inv. Co., 182 P.2d 1011, 1014-15 (Nev. 1947). The word "continue" presupposes something already in existence. Because of the statutory context, the word "continue" applies to an award of interest that has already been entered. Without an award, nothing can "continue" to accrue.

V. <u>DEFENDANT'S PROPOSED INTERPOLATION RENDERS THE STATUTE UNCONSTITUTIONAL</u>

Chapter 906 on postjudgment remedies was adopted in 1983. The chapter was enacted because defendants do not always pay judgments immediately. Subsection 52-356d, was intended to protect individual judgment debtors from the harshness of immediate execution as long as they made payments regularly. Section 52-356d(e) gives either party the option to apply for an installment payment order. If the judicial authority so rules, compliance with an installment order prevents an execution (but does not

preclude the creditor from putting a lien on real estate).

An installment payment order is discretionary, and is subject to the preceding entry of a lump sum award. The lump sum money judgment comes first, as the statutes make clear:

> 52-350a
> (9)"Installment payment order" means the fixing by the court of a sum to be paid periodically by the judgment debtor until satisfaction of a money judgment.
> (13) "Money judgment" means a judgment, order or decree of the court calling in whole or in part for the payment of a sum of money, other than a family support judgment. Money judgment includes any such money judgment of a small claims session of the Superior Court . . . .
> (15) "Postjudgment procedure" means any procedure commenced **after** rendition of a money judgment, seeking or otherwise involving a discovery procedure, a placing of a lien on property, a modification or discharge of a lien, a property execution under section 52-356a, a turnover order, **an installment payment order**, a wage execution, a modification of a wage execution, a compliance order, a protective order or a determination of exemption rights.
>
> Sec. 52-356d. Installment payment order. (a) When a judgment is rendered against a **natural person**, the judgment creditor or judgment debtor **may** move the court for an order for installment payments in accordance with a money judgment. After hearing and consideration of the judgment debtor's financial circumstances, the court may order installment payments reasonably calculated to facilitate payment of the judgment.
> (b) In the case of a consumer judgment, the court **may** provide that compliance with the installment payment order, other than with an order for nominal payments pursuant to subsection (c) of this section, shall stay any property execution or foreclosure pursuant to that judgment, provided such a stay is reasonable considering the nature of the debt and the financial circumstances of the judgment debtor. In the case of a judgment arising out of services provided at a hospital, the court shall provide that compliance with the installment payment order shall stay any property execution or foreclosure pursuant to that judgment, including, but not limited to, execution on wages, execution on bank accounts, and execution on or foreclosure of real property.
> (c) Notwithstanding the hearing requirement of subsection (a) of this section, **on motion** of the judgment creditor for an order of nominal payments, the court **shall** issue ex parte, without hearing, an order for nominal installment payments. The amount which shall constitute an order of nominal payments shall be set by the judges of the Superior Court. Such an order for nominal payments may be modified on motion of either party after hearing and consideration of the judgment debtor's financial circumstances.

The function of an installment payment order, which is optional – on motion --for the judgment creditor and the court, is simply to allow a "natural individual" judgment debtor to forestall a wage execution or property foreclosure if payments are made. Generally, if no installment payment order is entered, the judgment creditor can proceed with execution. Conn. Gen. Stat. §52-356(a). Defendant's attempt to distinguish various cases (including <u>Sosin v. Sosin</u>, 109 Conn. App. 691, 708, 952 A.2d 1258 (2008)) based on the existence of a lump sum order (which every judgment is) instead of an installment payment order (which is optional with every judgment against a natural person), is unavailing.

If defendant's position were adopted, a judgment creditor that could not prove the legal and equitable elements necessary to recover postjudgment interest could merely ask for an installment payment order (applicable only when defendant is an individual), and bypass the established judicial system for awarding such interest. Defendant wants these favored creditors to be able to self-adjudicate a 10% windfall. Conversely, defendant's position would impose a 10% interest penalty upon the individual when the creditor chooses the installment payment option.

Since an installment payment order can enter only where the defendant is a natural person, §52-356d(a), Defendant's interpretation would deprive an individual defendant of due process: the right to be heard as to (1) whether the judgment creditor can prove that money was wrongfully withheld and (2) a proper rate of interest in view of equitable considerations. Defendant's interpretation would also deny equal protection to judgment creditors whose defendants are not natural persons, or who have not moved for an installment payment order: those judgment creditors are treated less favorably, since they

14

must apply for postjudgment interest or do without, whereas defendant claims the right to impose the maximum 10% interest without observing due process or equal protection principles.

"Courts 'cannot impute to the Legislature an intent to pass an unconstitutional statute and a law should be construed, if it reasonably can be done, so as to make it valid.'" <u>State v. Doe</u>, 149 Conn. at 229. Plaintiff submits that her interpretation is correct based on principles of legislative interpretation, but if any doubt remains, the statute should be interpreted as plaintiff suggests to avoid a constitutional problem.

## CONCLUSION

Defendant has not met the burden of showing that plaintiff has not stated a cause of action. The dilatory motion should be denied.

THE PLAINTIFF

BY____/s/ Joanne S. Faulkner___
JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT 06511-2422
(203) 772-0395
j.faulkner@snet.net

Certificate of Service

I hereby certify that on June 29, 2010, a copy of foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

____/s/ Joanne S. Faulkner___
JOANNE S. FAULKNER ct04137