UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOANN EGLETES,<br><br>   Plaintiff,<br>v.<br><br>LAW OFFICES HOWARD LEE SCHIFF, P.C.,<br><br>   Defendant. | 3:10-CV-00641 (CSH)<br><br><br><br>March 7, 2011 |

## MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION FOR JUDGMENT

HAIGHT, Senior District Judge:

  Plaintiff filed this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, on April 26, 2010. Currently pending before the Court is Plaintiff's Motion for Judgment in Accordance with Settlement Agreement. [Doc. #29.] After denying the Defendant's Motion to Dismiss, the Defendant, a law firm, notified the Court on August 6, 2010 that the parties had reached a settlement, and the Court dismissed the case on August 9, 2010. However, on August 19, 2010, Plaintiff moved to reopen the case, claiming that there had been no agreement to settle. The Court, after considering briefing on Defendant's Motion to Seal, reopened the case on September 20, 2010. Five days later, Plaintiff filed the pending Motion for Judgment. For the following reasons, Plaintiff's motion is **DENIED.**

### I. Background

  Plaintiff argues that the parties settled the lawsuit on August 24, 2010 on the terms that the Defendant would pay the Plaintiff $5,000 and the Plaintiff would pay her state court judgment. To support this motion, Plaintiff provides emails between Plaintiff's counsel and Defendant's counsel

in an attached affidavit. [Doc. # 29-2.] The affidavit includes a series of nine emails between Plaintiff's and Defendant's counsel beginning with an email from Plaintiff's counsel on August 24, 2010 at 4:16 PM and concludes with an email from Plaintiff's counsel on August 25, 2010 at 1:10 PM.

Defendant quotes correspondence between counsel in its Memorandum of Law in Opposition to the Plaintiff's Motion for Judgment and attaches as an exhibit an email series that is similar but not identical to the correspondence identified by Plaintiff in her affidavit. [Doc. #30, Exh. A.] Defendant's Exhibit A includes a series of emails between counsel that also began with an email from Plaintiff's counsel on August 24, 2010 at 4:16 PM. However, Defendant's Exhibit A does not include the last two emails included in Plaintiff's affidavit. It does, however, include an additional email from Defendant's counsel on August 31, 2010 at 10:55 AM, which sets forth terms of a proposed settlement agreement and an attached release.[1] Defendant also includes as an exhibit an email from Plaintiff's counsel sent on Sept. 23, 2010 at 8:35 PM with an attached stipulation of dismissal. [Doc. # 30, Exh. B.] Finally, Defendant filed a response to the Plaintiff's Reply Memorandum, which included additional emails between counsel on August 17, 2010 and September 21, 2010. [Doc. #33.]

Although neither party submitted a complete record of email communications regarding settlement discussions, neither party has objected to the reliability or accuracy of any of the quoted communications. From this unfortunately incomplete record, the relevant emails regarding the parties' attempt to settle follow:

---

[1]  Defendant does not include the text of the attached release in their exhibits, but Plaintiff does attach what appears to be the defense counsel's release in her Reply. [Doc. #31.]

**Aug. 17, 2010, 2:58 PM, Plaintiff's counsel ("PC") to Defendant's counsel ("DC"):**

I just did send you an email with both.

here it is again.

"Current settlement demand is $4k plus satisfaction of judgment.

Let me know by aug. 5 Thanks"

"We are willing to **accept your offer** to settle this case for $4k and retirement of the debt."

"retirement of the debt always means

The paying off of a <u>debt</u>.

The satisfaction of judgment is material so the judgment will not affect her credit report in the future.

If your response did not meet the demand — and I surely thought that it did — then I will notify the court there is no deal.

Please provide the responses to discovery.

**Aug. 24, 2010, 4:16 PM, PC to DC:**

[Plaintiff] can settle for $5,000 until further activity in the file.

**Aug. 24, 2010, 4:39 PM, DC to PC:**

Only if [Plaintiff] uses her own money to pay debt and get [a Satisfaction of Judgment].... we are not free to release our client's debts.

**Aug. 24, 2010, 4:50 PM, PC to DC:**

I did not ask you to satisfy the judgment this time. If agreeable, [please] remit.

**Aug. 24, 2010, 6:23 PM, DC to PC:**

What is going on here?

**Aug. 24, 2010, 6:44 PM, PC to DC:**

>Still trying to settle, as I always do before incurring a lot attorney time and expense on both sides. What else could be going on?

**Aug. 25, 2010, 11:20 AM, DC to PC:**

>I will prepare a release. We do not want filings reflecting our settlement discussions made in the future, please. [Plaintiff] needs to understand that the underlying debt will not be released, and may be collected by our client.

**Aug. 25, 2010, 11:26 AM, PC to DC:**

>You filed as to our settlement discussions in [Plaintiff], very prematurely it seems. Release was not part of our offer, but if you want to use one, we will use mine, as before. It is attached.

**Aug. 25, 2010, 11:55 AM, DC to PC:**

>What was premature? Moving to seal your motion which discussed our settlement negotiations?

>I cannot use your release. I will draft and send you what I need. If that is not acceptable, then you will, I am sure, let us know.

**Aug. 25, 2010, 1:10 PM, PC to DC:**

>I will look at it, but was not part of the offer.

**Aug. 31, 2010, 10:55 AM, DC to PC:**

>....

>As you know, we are also reluctant to settle this case. However, we will endeavor to settle this case on the following terms and conditions:

>-[Plaintiff] will receive the sum of $5000. Out of the settlement funds, $1000 will be used to pay off the balance due and owing on her Capital One debt.

>-Plaintiff will receive [a settlement of judgment] once the payment of

the $1,000 is made. She may also file a motion to open the judgment and have the case dismissed. We ill not object if she chooses to do so.

-If [Plaintiff] fails to pay the $1000, she will not be released from any liability for this debt.

-In either case, [Plaintiff] will MUST sign the attached *without modification*. No other release will be accepted, and we will not conclude this matter until we receive a fully executed release.

-We must have a fully executed W9 from you. I have attached the form to be signed and returned to us.

-You must fill a stipulation to dismissal of this case upon documentation.

-It should go without saying, but given past history, I must remind you that the terms of this settlement are not appropriately included in any pleading filed with the Court. I will have to insist upon confidentiality given your abuse of our generosity in settling claims in the past.

**Sept. 21, 2010, 2:22 PM, PC to DC:**

We have settled. You pay, I dismiss when the check clears. No release involved.

**Sept. 21, 2010, 3:43 PM, PC to DC:**

I hate to repeat myself.

The terms are you pay, I dismiss when the check clears.

There will be no signed release, and I do not send releases before a check is cleared in any event.

**Sept. 23, 2010, 8:35 AM, PC to DC:**

Attached is a [stipulation] for dismissal [with prejudice], which I generally use when there is no release, as here.

[Please] add your signature block to the attached and return it. I will

file as soon as the $5,000 check clears.

[Please] let me know when to expect the check.

## II. Discussion

Under Connecticut law, "[a] trial court has the inherent power to enforce summarily a settlement agreement as a matter of law when the terms of the agreement are clear and unambiguous." *Audubon Parking Assocs. Ltd. P'Ship v. Barclay and Stubbsm Inc., et al.,* 225 Conn. 804, 811 (Conn. 1993) (citation ommitted). The enforceability of a settlement agreement in Connecticut is determined "using general principles of contract law." *Brandt v. MIT Development Corp.*, 552 F. Supp. 2d 304, 319 (D. Conn. 2008) (citing *Omega Engineering, Inc. V. Omega, S.A.U.*, 432 F.3d 437, 443 (2d Cir. 2005)). And "a contract is binding if the parties mutually assent to its terms." *Omega*, 552 F.3d at 444 (citing *Johnson v. Schmitz*, 237 F. Supp. 2d 183, 189 (D. Conn. 2002) (interpreting a settlement agreement). Where, as here, there is not a signed settlement agreement, a three-part test is used to determine mutual assent. *Brandt*, 552 F. Supp. 2d at 319. "The parties' intent is determined from the (1) language used, (2) circumstances surrounding the transaction, including the motives of the parties, and (3) purposes which they sought to accomplish." *Id.*

There is no signed settlement agreement to enforce in this case. Therefore, the question is whether there are clear and unambiguous terms of settlement that the parties mutually assented to. While the above record of communications certainly demonstrates that both parties, on different occasions, made offers of settlement, the Plaintiff cannot point to any specific offer of terms that the other party accepted.

In her motion, Plaintiff claims that the parties reached a settlement on August 24, 2010 "for

payment of $5,00 by [D]efendant, the only condition imposed by [D]efendant being that [P]laintiff use her own money to pay the state court judgment." Pl. Motion for Judgment. However, the correspondence offered by Plaintiff does not support this conclusion. The complete correspondence between counsel on August 24, 2010 is as follows:

**Aug. 24, 2010, 4:16 PM, PC to DC:**

[Plaintiff] can settle for $5,000 until further activity in the file.

**Aug. 24, 2010, 4:39 PM, DC to PC:**

Only if [Plaintiff] uses her own money to pay debt and get [a Satisfaction of Judgment].... we are not free to release our client's debts.

**Aug. 24, 2010, 4:50 PM, PC to DC:**

I did not ask you to satisfy the judgment this time. If agreeable, [please] remit.

**Aug. 24, 2010, 6:23 PM, DC to PC:**

What is going on here?

**Aug. 24, 2010, 6:44 PM, PC to DC:**

Still trying to settle, as I always do before incurring a lot attorney time and expense on both sides. What else could be going on?

Plaintiff's counsel made an offer of settlement for $5,000. Defendant's counsel counter-offered with additional terms. Plaintiff's counsel restates her original offer. Defendant's counsel asks what has changed, presumably from prior terms, and Plaintiff's counsel clearly states she "is still trying to settle . . . ." By her own words, no agreement has been reached.

On August 31, 2010, Defendant's counsel sends an offer of settlement to Plaintiff's counsel, but there is no record of response. The record is silent from then until September 21, 2010 when

plaintiff's counsel contacts Defendant's counsel, claiming that settlement has already been reached. On September 25, 2010, Plaintiff files this pending motion for judgement. On the record before the Court, there is no settlement agreement and thus no settlement to be enforced.

**III.     Conclusion**

For the foregoing reasons, Plaintiff's Motion for Judgment in Accordance with Settlement Agreement is **DENIED**.

Because the case cannot be disposed of summarily, it must be tried. The parties are directed to confer and submit a statement under Rule 26(f), Fed. R. Civ. P., on or before March 30, 2011. While the Court recognizes the importance of this case to the parties, given the relatively modest amounts involved counsel are also directed to negotiate with each other in good faith for the purpose of ascertaining whether a reasonable and amicable settlement can be agreed upon, thereby achieving a fair and just resolution of the case while saving time and expenses.

It is **SO ORDERED**.

Dated: New Haven, Connecticut
       March 7, 2011

                                                                                  /s/ *Charles S. Haight, Jr.*
                                                                                 Charles S. Haight, Jr.
                                                                                 Senior United States District Judge